UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH RICHARDSON,

                Plaintiff,                6:11-cv-1007
                                                      (GLS/ATB)

        v.

NEW YORK STATE OFFICE OF
MENTAL HEALTH, CENTRAL
NEW YORK PSYCHIATRIC
CENTER et al.,

                Defendants.
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Bosman Law Office                    AJ BOSMAN, ESQ.
6599 Martin Street
Rome, NY 13440

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     CHRISTOPHER W. HALL
New York State Attorney General      Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Keith Richardson commenced this action against defendants[1] New York State Office of Mental Health, Central New York Psychiatric Center (Center), Donald Sawyer, Maureen Bosco, Patricia Bardo, Mary Carli, William Moorehead, Corey Conley and Christine Mandigo, alleging violations of Title VII,[2] 42 U.S.C. §§ 1981 and 1983, New York State Human Rights and Executive Law, and state tort law.  (*See* Am. Compl., Dkt. No. 12.)  Pending is defendants' motion to dismiss.  (*See* Dkt. No. 20.)  For the reasons that follow, the motion is denied.

## II. Background[3]

Although now retired, Richardson, an African-American male, began his employment with the Center in January 1982.  (*See* Am. Compl. ¶¶ 2-3.)  Throughout his tenure there, Richardson's evaluations were always above average, and, in February 2006, he was promoted to a Grade 20 supervisor.  (*See id.* ¶¶ 5-6.)  Again, Richardson's performance as a supervisor was above average, and remained as such until his demotion in

---

[1] Richardson also names yet to be discovered John and Jane Does in his Amended Complaint.  (*See* Am. Compl. at 1, Dkt. No. 12.)

[2] *See* 42 U.S.C. § 2000e *et seq.*

[3] The allegations are drawn from Richardson's Amended Complaint and presented in a light most favorable to him.

2

November 2009, less than one month after his significant other, Christine Bergerson,[4] was successful in her lawsuit against the Center. (*See id.* ¶¶ 6-10.) That lawsuit, which resulted in a damages award of $580,000, was premised on, among other things, the Center's unlawful termination of Bergerson, a white female, "because of her gender and 'affiliation' with a person of a different race, namely, [Richardson]." (*Id.* ¶¶ 8-9.)

Indeed, it was this relationship that Richardson believes led to his demotion. (See *id.* ¶ 11.) Despite defendants' claim that his position was "'revoked' . . . due to a new Civil Service list," Richardson was not reinstated when he became "'reachable' on the list." (*Id.* ¶ 10.) Instead, Bosco, Moorehead and Conley jointly decided to promote "three other employees, all White, who had less time and experience than [him]." (*Id.*) Though Richardson was not the only individual penalized for aiding Bergerson,[5] his race and affiliation with her "were motivating and/or determining factors in [d]efendants' decision" to pass him over for promotion. (*Id.* ¶¶ 13, 15, 17-19.)

---

[4] Bergerson is also referred to as Christine Fuller in the Amended Complaint. (*See* Am. Compl. ¶ 7.)

[5] Employees Glen Block and Kenneth Paperrella, both of whom testified "favorably" for Bergerson, were also passed over for promotion. (*Id.* ¶ 18.)

3

As a result of defendants' actions, Richardson notified the Center's affirmative action officer of his concerns, and filed a complaint with the United States Equal Employment Opportunity Commission (EEOC) on September 2, 2010. (*Id.* ¶ 20.) After learning of the EEOC complaint, Bosco, Bardo, Carli and Mandigo initiated an investigation of Richardson for alleged misconduct. (*See id.* ¶ 21.) To this end, Richardson "was ordered to report for an 'interrogation' on September 20, 2010." (*Id.* ¶ 22.) For two hours, Bosco, Bardo and Carli questioned Richardson "about incidents that occurred months and even a year earlier." (*Id.* ¶ 22.) In addition, defendants interviewed Richardson's co-workers and summoned the State Police to conduct a canine search for contraband. (*See id.* ¶ 23.)

As a consequence of defendants' conduct, Richardson suffered from, *inter alia*, various physical and mental ailments, as well as a loss of "income in the form of wages, benefits, promotional opportunities and job assignments." (*Id.* ¶ 29.) He now asserts nine causes of action against defendants for discrimination, retaliation, deprivation of his First and Fourteenth Amendment rights and state tort law. (*See id.* ¶¶ 30-57.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established

4

and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. Discussion

Defendants argue that the court should decline pendent jurisdiction over the Human Rights Law claims, and dismiss the remaining causes of action for failure to state a claim. (*See* Dkt. No. 20, Attach. 2 at 4-19.) Richardson counters each of defendants' assertions, arguing, in essence, that his Amended Complaint is sufficient to withstand defendants' motion to dismiss. (*See generally* Dkt. No. 22.) The court agrees with Richardson.

At this juncture, Richardson's obligation is only to plead "factual content that allows the court to draw the reasonable inference that [defendants are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Simply put, defendants' arguments are wholly unpersuasive. The facts pertaining to Richardson's demotion, and the investigation that ensued after he filed his EEOC complaint far exceed the "facial plausibility" threshold with respect to each of his causes of action.[6]

---

[6] *See, e.g.*, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (discussing the elements of a Title VII discrimination claim); *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012) (same, but Title VII retaliation claim); *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998) (same, but First Amendment retaliation under 42 U.S.C. § 1983); *Freihofer v. Hearst*

*Id.* Though allegations alone will not suffice at a later stage, Richardson's Amended Complaint is unquestionably sufficient to survive a motion under Fed. R. Civ. P. 12(b)(6). As such, defendants' motion to dismiss is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motions to dismiss (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED** that defendants file the appropriate responsive pleadings within the time allotted by the rules; and it is further

**ORDERED** that the parties notify Magistrate Judge Baxter in order to schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 2, 2012

_____
Gary L. Sharpe
Chief Judge
U.S. District Court

---

*Corp.*, 65 N.Y.2d 135, 142-43 (1985) (same, but prima facie tort); *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1177 (2d Cir. 1996) (considering plaintiff's "state law claims in tandem with [his] Title VII claims because New York courts rely on federal law when determining claims under the New York Human Rights Law"); *White v. Eastman Kodak Co.*, 368 F. App'x 200, 201 n.1 (2d Cir. 2010) (noting that the Title VII employment discrimination framework is applicable to claims under 42 U.S.C. § 1981); *Feingold v. New York*, 366 F.3d 138, 159 n.20 (2d Cir. 2004) (discussing that the key difference between Title VII and section 1983 claims is that the latter, unlike the former, can be brought against individuals).

6

Albany, New York