**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KEITH RICHARDSON,**

                              **Plaintiff,**

    vs.                                                        **6:11-cv-1007**
                                                                 **(MAD/ATB)**

**NEW YORK STATE OFFICE OF MENTAL**
**HEALTH, CENTRAL NEW YORK**
**PSYCHIATRIC CENTER,** *et al.***,**

                              **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**BOSMAN LAW FIRM, LLC**              **AJ BOSMAN, ESQ.**
201 West Court Street
Rome, New York 13440
Attorney for Plaintiff

**DEEP LAW OFFICE**                    **NORMAN P. DEEP, ESQ.**
P.O. Box 300
Clinton, New York 13323
Attorney for Plaintiff

**NEW YORK STATE**                    **CHRISTOPHER W. HALL, ESQ.**
**ATTORNEY GENERAL**              **HELENA O. PEDERSON, ESQ.**
The Capitol                                 **KELLY L. MUNKWITZ, ESQ.**
Albany, New York 12224              **WILLIAM A. SCOTT, ESQ.**
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

    On February 6, 2012, Plaintiff Keith Richardson filed the amended complaint in this employment discrimination action against Defendants New York State Office of Mental Health, Donald Sawyer, Maureen Bosco, Patricia Bardo, Mary Carli, William Moorehead, Corey Conley,

and Christine Mandigo. *See* Dkt. No. 12. Presently before the Court is Plaintiff's motion for attorneys' fees. *See* Dkt. No. 118. For the following reasons, that motion is granted.

## II. BACKGROUND

On August 28, 2017, the parties agreed to a settlement of $60,000, and the action was discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 117 at ¶¶ 3, 6. The settlement did not determine the amount of attorneys' fees; instead it provided only for "reasonable attorneys fees." *See id.* at ¶ 6. Under the terms of the settlement the Court retained jurisdiction over this action in order to determine attorneys' fees should such a determination become necessary. *See id.* at ¶ 10. In the end, the parties could not reach an agreement on attorneys' fees.

On December 4, 2017, Plaintiff filed the present motion for attorneys' fees. *See* Dkt. No. 118. Plaintiff seeks a total of $74,748.75 in attorneys' fees, a figure that is based on rates of $275 for experienced attorneys, $175 for associate attorneys, and $100 for paralegals. *See* Dkt. No. 118-2 at 36.[1] Defendants filed an opposition arguing that Plaintiff's requested rates and number of hours were too high, and Defendants argue that attorneys' fees of $50,000 are appropriate. *See* Dkt. No. 121 at 6.

## III. DISCUSSION

**A.     Legal Standard**

"Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166

---

[1] Page numbers for this docket entry refer to those assigned by the Court's electronic filing system ("ECF").

2

(2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)) (other citation omitted); *see also Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (stating "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours") (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). "The lodestar figure should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation." *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

"[T]he presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons*, 575 F.3d at 174. In the Second Circuit, "'any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). The Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson*, 652 F.3d at 290 (quoting *Simmons*, 575 F.3d at 174).

**B.    Reasonable Hourly Rate**

"Recent cases in the Northern District have upheld hourly rates between $250 and $345 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals." *Rodriguez v. Berryhill*, No. 15-CV-1000, 2017 WL 2929470, *3 (N.D.N.Y. July 10, 2017).

3

While these rates reflect the range of hourly rates that are generally upheld in the Northern District, the Court also looks to the hourly rates awarded to Plaintiff's counsel, A.J. Bosman, in recent employment discrimination cases in this district. *See Miller v. City of Ithaca*, No. 10-CV-597, 2017 WL 61947, *3 (N.D.N.Y. Jan. 5, 2017) (finding that $225 was a reasonable hourly rate for Plaintiff's counsel's time); *Dotson v. City of Syracuse*, No. 04-CV-1388, 2014 WL 1764494, *2 (N.D.N.Y. Apr. 30, 2014) (finding that $250 was a reasonable hourly rate for Plaintiff's counsel's time). Based on the all of the relevant factors, the Court finds that $250 per hour is an appropriate hourly rate for Ms. Bosman's time in this case.

Additionally, Plaintiff seeks hourly rates of $175 for associate attorneys and $100 for paralegals. *See* Dkt. No. 118-2 at 36. The Court notes that Plaintiff provides no information about the qualifications of the associate attorneys and paralegals who worked on this case; Ms. Bosman states in an affirmation only that the "invoices reflect some work performed by my current associates and paralegals." Dkt. No. 118-1 at ¶ 8. Therefore, the Court finds that hourly rates of $165 for associates and $80 for paralegals—rates on the lower end of the range that is used in the Northern District—are appropriate in this case.

## C.    **Reasonable Number of Hours**

"The fee applicant also bears the burden of documenting the hours spent by counsel, and the reasonableness thereof." *Stevens v. Rite Aid Corp.*, No. 13-CV-783, 2016 WL 6652774, *4 (N.D.N.Y. July 6, 2016). "Where descriptions of work done are vague and ambiguous, the Court cannot assess the reasonableness of the entries. Thus, the fees for such work can be eliminated or reduced." *Dotson*, 2014 WL 1764494, at *3. In this case, portions of Plaintiff's counsel's billing records are so vague and ambiguous that the Court finds it appropriate to reduce the total attorneys' fees award. For example, the entries spanning April 23, 2014 to April 30, 2014,

4

include vague descriptions of large chunks of time spent preparing the opposition to Defendants' motion for summary judgment (*e.g.*, an entry of fifteen hours on April 30, 2014, is described as "Assist in reviewing, editing and finalizing opposition Papers"). Therefore, the Court reduces the total number of hours by twenty percent.

Based on the reduced hourly rates and the overall reduction in time, the Court finds that Plaintiff is entitled to the following attorneys' fees: $42,630 for Ms. Bosman's time (consisting of 170.52 hours at $250 per hour), $1,821.60 for associates' time (consisting of 11.04 hours at $165 per hour), and $7,987.20 for paralegals' time (consisting of 99.84 hours at $80 per hour). Additionally, Plaintiff is entitled to $900 for attorney travel time (consisting of 7.2 hours at $125 per hour). *See Stevens*, 2016 WL 6652774, at *3 ("Travel time is usually compensated at a rate of one half of the hourly legal fee rate"). Therefore, Plaintiff is entitled to a total of $53,338.80 in attorneys' fees.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for attorneys' fees (Dkt. No. 118) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded $53,338.80 in attorneys' fees; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 30, 2018
       Albany, New York

Mae A. D'Agostino
U.S. District Judge